156 So. 167

Succession of MINTER v. Opposition of UNION CENT. LIFE INS. CO.

No. 32530.

May 21, 1934.

Rehearing Denied July 2, 1934.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Stephens & Stephens, of Coushatta, for appellee.

LAND, Justice.

Intervener and third opponent, Union Central Life Insurance Company, has appealed from a judgment rejecting its opposition to the provisional account filed by the adminis-tratrix of the succession of W. L. Minter, deceased.

Mrs. D. M. Scarborough, widow, is the owner of the "Prudhomme place" and the "Scarborough place" in Red river parish.

During the year 1932, W. L. Minter, deceased, operated both places. It is admitted that he is owner of all the cotton produced during that year on the "Scarborough place."

Intervener and third opponent is the holder of a series of notes, executed by Mrs. Scarborough and indorsed by W. L. Minter, and secured by special mortgage on the "Scarborough place."

A written agreement was entered into September 8, 1932, between Mrs. Scarborough, Minter, and intervener and third opponent, affecting the cotton crop growing on the "Scarborough place."

Minter died at his domicile in Red river parish October 18, 1932. His succession was opened, and his administratrix applied for an order to sell all of the movables, including the cotton from the "Scarborough place," to pay debts.

Union Central Life Insurance Company intervened and claimed by third opposition that, under the agreement of September 8, 1932, it was the owner of all cotton grown, cultivated on, and gathered from the "Scarborough place," that it had a lien and privilege on same, and was entitled to be paid the balance out of the funds derived from the sale, by preference and priority, after the payment of all valid crop liens and the taxes of 1931, as stipulated in the agreement in question.

Intervener and third opponent also prayed that the cotton to be sold by the administratrix be separately appraised and sold, and that the proceeds be held by her subject to the further order of the court, which was done. The cotton sold for the sum 'of $1,214.27.

Thereafter, the administratrix filed a provisional account, showing that the debts of the succession amounted to $9,642.20, the privileged debts to $4,228.71, and that the total assets amounted to $2,478.71. Intervener and third opponent was not included among the creditors of the succession entitled to be paid by preference, but was placed among the creditors of inferior rank and entitled to receive nothing, as the funds of the succession had been exhausted in the payment of superior privileged claims.

Intervener and third opponent opposed the provisional account filed by the administratrix on the same grounds set up in its intervention and third opposition above referred to, and judgment was rendered rejecting its claim.

From this judgment, intervener and third opponent has appealed.

The agreement of September 8, 1932, entered into by Mrs. Scarborough, Minter, and Union Central Life Insurance Company purports to transfer and assign to that company "all equity and interest in crops growing and being on the above described property," the "Scarborough place" in Red river parish.

It is further stipulated that the crop of cotton shall be sold "at a price agreeable to all parties hereto," and, after the payment of all valid and superior crop liens, and the taxes of 1931, the balance shall be paid to Union Central Life Insurance Company, to be applied on the delinquent notes held by it.

It is admitted, in an agreed statement of facts, that the cotton raised on the "Scarborough place" was in the field ungathered at the time of the execution of the agreement, except as to a part of the crop that had been gathered; that the Union Central Life Insurance Company had never received any cotton under, and by virtue of, the agreement between the parties; that no price had ever been fixed by the parties on the cotton, when it was to be sold; and that the agreement was not recorded in Red river parish until January 12, 1933, some months after the death of W. L. Minter.

It is further admitted that the cotton raised on the "Scarborough place" was the property of W. L. Minter; that he died hopelessly insolvent; and that the cotton was sold by the administratrix at public auction for the price of $1,214.27.

The other creditors of the succession are third persons as far as the insurance company is concerned, and are not affected by the claims of the intervener and third opponent for the following reasons:

First. If the agreement between the parties in this case is considered as a sale, it is, in part, of a growing crop of cotton, an immovable. C. C. art. 465. It affects third persons only from the time of recordation, January 12, 1933. C. C. arts. 2264, 2266.

Prior to that date, the succession of W. L. Minter had been opened; an administratrix had been appointed and qualified; she had applied for the sale of the cotton to pay debts; the intervention and third opposition

of the insurance company had been filed; and the claims of the other creditors, third persons, had already accrued.

■ Second. None of the cotton gathered at the date of the agreement, or thereafter, was ever delivered to the insurance company. To affect the creditors of the succession, third persons, in a sale of movables, delivery is essential. C. C. art. 1922.

■ Third. If the agreement between the parties be considered as a giving in payment, the same cannot affect the creditors of the succession, third persons, as the giving in payment is made only by delivery.

Whether the price was agreed upon by the parties is immaterial. The agreement, whatever it may be, may be perfect in every particular, as far as the parties thereto are concerned, but, under the facts of this case, cannot affect the rights of third persons, for the reasons assigned.

Judgment affirmed.

ROGERS, J., concurs in the decree.