LEAR, Judge.
This'suit involves a claim for crop damage allegedly caused by defendants in the drilling of an oil well. Plaintiff filed his original petition against Acadia Drilling Company, Inc., the original lessee, and *738 thereafter filed two supplemental and amending petitions, bringing into the suit James C. Moncrief and John H. Dillon, d/b/a Moncrief & Dillon, a partnership; Producers Drilling Company, Inc., and Estelle Bundick Murphy.
The partnership had purchased a hereinafter described lease from Acadia Drilling Company, Inc., and assigned same to Producers Drilling Company, Inc., who drilled the well on the Murphy property.
It was later stipulated that Mrs. Murphy and Acadia Drilling Company, Inc., were not to be held liable to anyone. Defendant Moncrief & Dillon concurred in the dismissal of suit as to Producers Drilling Company, Inc., and all other defendants. As a result of an adverse judgment, defendant appeals; plaintiff answers the appeal and asks for an increase in the award.
The facts show that at some time prior to 1965 plaintiff entered into an oral lease with the A. A. Bundick Estate, whereby plaintiff was to be allowed to farm certain property belonging to Mrs. Estelle Bundick Murphy. Rental was twenty (20%) per cent of the crop harvested.
Thereafter, a written oil lease was granted by Mrs. Murphy and certain other Bundick heirs, which lease was recorded in the records of Acadia Parish, Louisiana, on September 21, 1964, which was after the above-mentioned oral lease to the plaintiff. The oil lease was a standard mineral lease reciting inter alia that “Lessor, in consideration of the sum of $10.00 and other valuable consideration, leases the exclusive right to enter upon and use the land for production of oil, gas, sulphur and all other minerals, together with the use of the surface of the land for all purposes incident to the exploration for and production of said minerals, and the right of ingress and egress to and from said lands including the right to construct, maintain and use roads.”
Paragraph 8 of the lease originally read “The lessee shall be responsible for all damages to timber and growing crops of lessor caused by lessee’s operations.” However, the words “to timber and growing crops of lessor” had been crossed out.
Plaintiff alleges that he planted a crop of soy beans on the leased premises; that defendant built a board road across his bean rows, set up an oil rig and thereby destroyed five acres of the crop. Plaintiff further alleges that damages were caused by the board road blocking drainage of the field, thereby causing additional loss of seventy-five (75%) per cent of the crop on the remaining 30 acres. Plaintiff further sued for 80 feet of wire fencing destroyed by the defendant.
Appellant, Moncrief & Dillon, filed third party petitions against Mrs. Murphy and against appellant’s (assignee,) Producers Drilling Company, Inc., which third party petitions formed no part of this appeal for the reasons previously stated.
Appellant then filed a release executed by Mrs. Murphy acknowledging receipt of $125.00 in satisfaction and discharge of all damages and claims Mrs. Murphy may have against Moncrief & Dillon arising or accruing as a result of exploration for minerals on Mrs. Murphy’s land.
The trial court allowed the plaintiff to recover $11.20 for the fence destroyed by the defendant. However, it is clear from the record that this fence belonged to Mrs. Murphy and that she had released the defendant from any further payments for damages occasioned by the defendant’s exploration for oil on the leased property. Therefore, this item should not be allowed.
As stated by the trial judge, certain facts are not in dispute. It is agreed that the plaintiff did not have a written lease to farm Mrs. Murphy’s property, but did have a verbal lease from Mrs. Murphy, who is admittedly the owner of the land involved. It is further admitted that thereafter defendant entered into the oil, gas and mineral lease, which was recorded in the office of the clerk and recorder for the parish where the property is located. The issue, there *739 fore, is whether or not the holder of a recorded lease to enter upon and use the surface of the land, build roads and do other things necessary for the exploration of oil and minerals, can be liable to a lessee who has planted certain crops on the land by virtue of an oral lease. Nothing in the record indicates that the defendant knew of this prior lease or had any way of knowing that the soy bean crop growing on the land belonged to anyone other than the lessor.
This court is of the opinion that defendant is not liable to plaintiff under the facts of this case. It is the opinion of the court that defendant in this case had a right to rely upon the public records and assume that any crops growing on the lessor’s land belonged to lessor. Under the terms of the lease the defendant was not responsible for damage to the growing crops; however, apparently out of an abundance of caution, had paid for and secured a release from its lessor for any damages caused by the defendant in the exploration.
As previously stated, the plaintiff has abandoned any claim for damages against his lessor, Mrs. Murphy. Therefore, it will not be necessary for the court to pass on the question of whether or not Mrs. Murphy would be responsible to the plaintiff for disturbing plaintiff’s peaceful possession of the property under the oral lease.
Plaintiff contends that the actions of defendant resulting in damage to plaintiff’s crop give rise to an action in tort. Plaintiff bases this contention on the theory that defendant caused more damage than was necessary in the drilling operation. Under the facts, we conclude that the actions of defendant were reasonable and ordinary for such an operation and were permissible under the written contract of lease.
For the above reasons, the judgment of the lower court will be reversed and plaintiff’s suit will be dismissed at plaintiff’s cost.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.