SANDERS, Justice.
Nolton Andrepont, a tenant farmer, sued ■for damages to his soybean crop caused by defendants during the drilling of an oil well on the land. The district court granted recovery. Because plaintiff’s farm lease was unrecorded, the Court of Appeal reversed and dismissed plaintiff’s suit. La. App., 208 So.2d 737. On application of the plaintiff, we granted certiorari to review the Court of Appeal judgment. 252 La. 274, 210 So.2d 510.
Andrepont entered into a verbal lease with the heirs of A. A. Bundick, whereby plaintiff acquired the right to -farm a tract of land for a rental of-twenty per cent of the crop -harvested. Thereafter, the landowners executed an oil lease on the property, granting the lessee the right to use the *352 land to explore for oil. The oil lease was duly recorded.
Paragraph 8 of the lease originally read, “The lessee shall he responsible for all .damages to timber and growing crops of lessor caused by lessee’s operations.” However, the words “to timber and growing crops of lessor” were struck out. Thus the lease provided: “The lessee shall be responsible for all damages caused by lessee’s operations.”
Under the lease, a drilling company drilled a well on the land in search of oil. Later, the defendants paid the landowners $125.00 for damages and received a release from them.
Defendants made no payment to Andrepont, the tenant, and- he brought this action ex delicto, or in tort, for damages to his growing soybean crop. In this Court he •also contends he is entitled to recover under the mineral lease provision obligating the lessee to pay for all damages, asserting that 'the provision is a stipulation pour autrui.
When standing crops do not belong to the owner of the land, they are regarded as movables subject to separate ownership rather than as a part of the land. Such crops áre treated as if they were harvested. LSA-C.C. Art. 465. See Fallin v. J. J. Stovall & Sons, 141 La. 220, 74 So. 911; Citizens’ Bank v. Wiltz, 31 La.Ann. 244; Porche v. Bodin, 28 La.Ann. 761; Yiannopoulos, Civil Law Property, § 44, pp. 134—135 (1966). Such separate ownership may be derived from a variety of contractual relationships. When it is derived from a farm lease, the lease is of course subject to the law of registry insofar as third persons are concerned.
LSA-R.S. 9:2721 provides:
“No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the officer of the parish recorder of the parish where the land or immovable is situated; and neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.”
Under the foregoing statute, an unrecorded lease is ineffective against third persons to establish separate crop ownership. Separate ownership ’arising from a lease can be asserted against third persons only when the lease is recorded. LSA-R.S. 9:2721; LSA-C.C. Arts. 2264, 2266. See Minter v. Union Cent. Life Ins. Co., 180 La. 38, 156 So. 167; Summers & Brannins v. Clark, 30 La.Ann. 436; Yiannopoulos, Civil Law of Property, § 44, p. 135 (1966).
In the present case, plaintiff’s farm lease is unrecorded. It is a verbal contract, foreign to the public records. He cannot *354 assert his separate ownership of the standing crop against the defendants, since they are third persons. As to them, the standing crop is considered 'as part' of the land. LSA-C.C. Art. 465. Hence, under neither theory, can plaintiff recover crop damages from defendants.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.