FRUGÉ, Judge.
Plaintiff-appellant, a surface lessee, sued defendant-appellee, the grantee of a right-of-way servitude, for damages to his crops. From a judgment sustaining defendant’s exception of no cause or right of action, plaintiff appeals devolutively. We affirm.
Defendant Columbia Gulf Transmission Company, hereinafter referred to as “Columbia”, is the grantee of a right-of-way to operate a pipeline upon a tract of land situated in Acadia Parish, Louisiana, consisting of 24.7 acres. This land is owned by Earl and Irma Hargroder, hereinafter referred to as lessors.
Plaintiff-appellant, H. H. Hargroder, alleges that prior to January 17, 1967, he leased tho property in question from Earl and Irma Hargroder; that thereon he undertook to plant coastal bermuda grass for hay; that coastal bermuda grass was harvested in the years 1967, 1968, 1969, and 1970, on the leased property. Plaintiff entered into the lease on a verbal agreement with' lessors.
On January 17, 1967, Columbia entered into a right-of-way agreement with lessors; the agreement was recorded on February 9, 1967. The agreement contains the following pertinent clauses:
“Grantee hereby agrees to bury any pipeline (exclusive of appurtenances customarily located above ground) to a suf *866 ficient depth so as not to interfere with normal cultivation of the soil after construction thereof, and agrees to pay such damages which may arise to growing crops, timber, or fences from the construction of said line and appurtenances and to pay such damages which may arise to growing annual crops or fences from the maintenance, alteration, repair, removal, change of size, or replacement thereof.
“It is hereby understood that the grantee, its successors and assigns, shall not be obligated to pay grantors for any subsequent owner of the hereinabove described premises, any damages resulting from the construction of the first pipeline authorized hereunder, such damages having been anticipated and paid in advance at the time of execution of this instrument.”
Subsequent to obtaining the right-of-way, and during the year of 1970, Columbia utilized its acquired right and constructed a natural gas pipeline across the tract of land. Thereafter, the tenant, H. H. Hargroder, together with his lessors, Earl and Irma Hargroder, filed suit to recover damages allegedly caused by Columbia when it constructed the pipeline across lessor’s property. Their petition avers that the damage was due “to surface disturbance and debris thrown off the right-of-way”; $11,755.45 is alleged as total damages.
Columbia filed an exception of “no cause or right of action”, alleging: (1) the tenant-appellant H. H. Hargroder, did not have a recorded lease; and (2) the landowners-lessors, Earl Hargroder and Irma Hargroder, had executed a full advance damage release.
The trial court denied the exceptions as regards Earl and Irma Hargroder finding “that the plaintiff-landowners have the right to sue for the off right-of-way damage”. However, the exceptions were sustained in the matter of the tenant, H. H. Hargroder. In so ruling, the trial court stated:
“With reference to H. H. Hargroder the question is presented as to whether or not the plaintiffs who hold a lease which is not recorded has a right to sue for damages. The defendant relies on the case of Columbia Gulf Transmission Company vs. Hoyt, 252 La. 191 [921], 215 So.2d 114 whereas the plaintiff relies on the case of Andrepont vs. Acadia Drilling Company, 255 La. 347, 231 So.2d 347.
“The Court feels that the Andrepont case concerns itself with a different circumstance than those presented here. The Court, of course, is familiar with the Columbia Gulf Transmission Company case and the rationale behind its decision so as to protect parties and allow them to rely on the face of the record. For this reason the Court will sustain the exception with reference to the plaintiff, H. H. Hargroder.”
Appellant appeals the ruling and alleges the following specification of error: The trial court erred in holding that H. H. Hargroder, a farm tenant, did not have a right and cause of action to sue Columbia Gulf Transmission Company for damages, because he did not hold a recorded lease. In support of this specification or error, appellant argues the following in brief: (1) the court committed grave error in holding that the case of Andrepont v. Acadia Drilling Company, 255 La. 347, 231 So.2d 347 (1969) was not applicable; (2) the case at bar is very similar to the An-drepont case, supra, and Andrepont controls the instant fact situation; (3) Columbia Gulf Transmission v. Hoyt, 252 La. 921, 215 So.2d 114 (1968), “concerned itself with a different circumstance than those presented here rather than the An-drepont case”; (4) the proper disposition of this case requires a recognition that the right-of-way agreement clause quoted above is a stipulation pour autrui under C. C. Article 1890 in favor of H. H. Har- *867 groder; (5) Hargroder, as the beneficiary of the stipulation, has a direct cause of action against the appellee pipeline company; (6) the law of registry is inapplicable as it was inapplicable in the Andrepont case; (7) when appellant joined the landowners in filing this suit, he accepted the stipulation in his benefit, and therefore, has a right of action to sue for the damages to his crops.
Columbia contends that the right of a lessee is subject to the law of registry insofar as third parties are concerned; the jurisprudence has established a firm rule that in order for a lessee to have rights against a third party, his contract must he recorded in the manner provided for by R. S. 9:2721.
In Andrepont, supra, a tenant farmer sued for damages to his crops caused by defendant’s minerals operations. Plaintiff had raised crops under a verbal lease while defendant had undertaken mineral exploration under a recorded lease over the same property. The Supreme Court of Louisiana on original hearing, affirmed a ruling from this court dismissing the suit on the ground that the former tenant could not assert his separate ownership of the standing crops against the defendants. Following well-settled jurisprudence, the court declared that a lease to be effective against third persons must be recorded in accordance with R.S. 9:2721. In the absence of recordation, the court reasoned standing crops are regarded as movables in the relationship between tenant and landlord and as immovables under Article 465 of the Civil Code insofar as third parties are concerned.
On rehearing the Supreme Court held: Plaintiff could recover under a theory of stipulation pour autrui; namely, on the ground that the mineral lease between defendants and landowners contained a provision making defendants responsible for the damage to the crops. The court pointed out that plaintiff did not assert “secret claims or equities” unknown to defendants, and that the defendants were not third persons protected by the laws of registry insofar as plaintiff’s claim was concerned.
The eventual disposition of the Andre-pont case was based upon a very narrow ground: the separate ownership of standing crops, arising under the terms of a lease, whether recorded or unrecorded, might be asserted against a third person tort feasor who had made a stipulation in favor of the lessee.
In Andrepont, supra, the Supreme Court was impressed by the fact that there was a clear intent to require the oil and gas lessee to repair the farm lessee’s damage. This intent manifested itself by a deletion from the printed oil and gas lease of the words “to timber and growing crops of lessor” so that the clause would read: “the lessee shall he responsible for all damages caused by lessee’s operation.” The Supreme Court stated the following at 231 So.2d 352:
“This deletion results in a change from the particular to the general and means that damages caused by the oil and gas lessees’ operations to parties other than the lessor were clearly contemplated. And since drilling operations on the cultivated field must result in damage to the farm lessee, the farm lessee was undoubtedly intended as a beneficiary of this stipulation.” (Emphasis ours).
Appellant’s action herein can be maintained only in the event that the stipulation pour autrui is contained in the right-of-way agreement by and between Columbia and lessors; absent such, an unrecorded lease is ineffective against third persons to establish separate crop ownership. LSA-R.S. 9:2721. As to them, the standing crop is considered as part of the land. LSA-C.C. Art. 465.
We note that lessors in the instant case did not alter the contract as was done in the Andrepont case to provide the general damage phrase of “responsible for all damages caused by lessee's operations”. Additionally, after agreeing to pay the lessors *868 for certain damages, the right-of-way agreement also provides that damages have been anticipated and paid for in advance at the execution of the contract.
The jurisprudence is clear that the real determinative as to whether or not the contract contains a stipulation pour au-trui is whether -or not the grantor had in mind protection of a third party. Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971). We fail to see wherein the language of the subject right-of-way agreement clearly expresses the intent to benefit a third person not named herein. In the absence of language clearly expressing such intent, we are unable to find a stipulation pour autrui in the instant agreement.
For the reasons assigned, we affirm the judgment appealed from at appellant’s cost.
Affirmed.