387 So.2d 1343 (1980)
Jack M. LINZAY, Sr.
v.
TANGIPAHOA PARISH FARM BUREAU et al.
No. 13522.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
*1344 John W. DeGravelles, Baton Rouge, for plaintiff.
Robert J. Vandaworker, Baton Rouge, for defendants, La. Farm Bureau Mutual Insurance Co., Southern Farm Bureau Life Insurance Co., and Southern Farm Bureau Casualty Insurance Co.
John J. Hainkel, Jr., and Ralph R. Alexis, III, New Orleans, for defendant, Tangipahoa Parish Farm Bureau.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
This is an action brought by Jack M. Linzay against Tangipahoa Parish Farm Bureau (hereinafter called "Farm Bureau"), Louisiana Farm Bureau Mutual Insurance Co., Southern Farm Bureau Life Insurance Co., and Southern Farm Bureau Casualty Insurance Company (hereinafter collectively called "Insurance Companies"). From the sustaining of an exception of no cause of action filed by Farm Bureau and Insurance Companies, plaintiff appeals. We affirm.
The Insurance Companies entered into a contract with Farm Bureau under which Farm Bureau agreed to furnish secretarial help and various other services to the agent of Insurance Companies. The Insurance Companies hired Linzay as an agent under contracts of employment that specifically provided that they were terminable by either party upon giving ten days written notice. Linzay alleges that he was later discharged by Insurance Companies upon Farm Bureau's urging.
The contract between the Insurance Companies and Farm Bureau contained the following pertinent provisions:
"7. The Companies shall employ no person as general agent or special agent of Companies without consent of Farm Bureau. Companies shall maintain the right, upon notice to Farm Bureau, to cancel its contract with any general agent or special agent.
"11. Farm Bureau shall in no wise change or attempt to change any obligation or right that may exist or be established as between Companies and their general agent or agents within the territory of Farm Bureau.

*1345 "15. Companies shall give consideration to any and all complaints that may be made by Farm Bureau in writing to Companies upon the activities of any general agent or other agent of Companies operating in territory of Farm Bureau and, it appears to Companies that the activity of such general agent or agents is not for the best interests of Companies and Farm Bureau in such territory shall cancel the contract of such general agent or agents as provided for in such agency contracts."
Plaintiff's petition contains the following pertinent paragraphs as found in his original and amended petitions, of which we have formed a composite:

"2.
From September, 1961, until September 30,1977, plaintiff served both successfully and faithfully as agency manager for Tangipahoa Parish of Louisiana Mutual, Southern Life, and Southern Casualty.

"3.
On or about September 17, 1977, Tangi's board of directors met and it was decided that Tangi would bring about the discharge or forced resignation of plaintiff from his employment as agency manager of Louisiana Mutual, Southern Life, and Southern Casualty.

"4.
As a result of Tangi's actions, plaintiff was in fact discharged from his employment as agency manager of Louisiana Mutual, Southern Life, and Southern Casualty, resulting in the damages sued on herein.

"5.
Plaintiff shows that the actions taken by Tangi which resulted in his discharge as agency manager above referenced, constitute a tortious interference with contractual relationship of Louisiana Mutual, Southern Life, and Southern Casualty with plaintiff.

"6.
Plaintiff also shows that Tangi's actions constituted a breach of Tangi's contracts with Louisiana Mutual, Southern Life, and Southern Casualty, which breach caused the damages sued for herein, and for which damages plaintiff is entitled to sue as a third party beneficiary under said contracts.

"7.
Plaintiff shows that his discharge from Louisiana Mutual, Southern Life, and Southern Casualty constituted a breach of the contracts existing between these companies aforementioned and Tangi, causing the damages sued for herein, which damages plaintiff is entitled to sue for as a result of his status as a third party beneficiary to said contracts.

"8.
Plaintiff shows that his discharge from Louisiana Mutual, Southern Life, and Southern Casualty constitutes a breach of his employment contracts with these three companies, which contracts, as modified by the contract between Tangi and insurers, plaintiff shows were terminable `only for cause', and all contracts are attached hereto and made a part hereof; further, that plaintiff was discharged without cause, which breach of contracts and discharge have caused the damages sued for herein."
It can thus be seen that plaintiff Linzay alleges three basic causes of action: (1) against Farm Bureau in contract for breach of a stipulation pour autrui in inducing his dismissal; (2) against Farm Bureau in tort for inducing a breach of an employment contract, and (3) against the Insurance Companies for breaching their employment contracts by dismissing him.
*1346 For purposes of deciding upon an exception of no cause of action, we must assume that plaintiff's allegations are true, and we must overrule the exception if plaintiff states a cause of action cognizable in law. Rebman v. Reed, 286 So.2d 341 (La. 1973); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La. 1975).
With regard to his allegations concerning stipulations pour autrui, plaintiff cites Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969). This case does not support Linzay's position.
The case contains the following quotation with introductory explanation from Mr. Smith's article on stipulations pour autrui which appeared in 11 Tul.L.Rev. 18, at p. 58 (1936):
"Professor J. Denson Smith, in a study of the history, legislation and jurisprudence which have formed the doctrine of stipulations in favor of third persons in this State, has enumerated the factors to be considered in deciding whether an advantage for a third person has been provided by contract between others. They are:
"(1) The existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee (sic) will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended. See Smith, Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 Tul.L.Rev. 18, 58 (1936)." (231 So.2d 347, 351)
Thus, we see that there must be a legal relationship on the part of the promisee (in this case, the Insurance Companies) to the third person (in this case Linzay) involving an obligation owed on the part of the promisee to the third person. We note that there was no obligation owed on the part of the Insurance Companies to Linzay, the employment contract having been terminable at will upon written notice. Hence, there appears to have been no stipulation pour autrui in the legal sense.
This view is supported by Mr. Smith's analysis of the similarities between the Anglo-American law on third party beneficiaries and Louisiana's civilian view on the stipulation pour autrui. Mr. Smith notes that the Restatement of Contracts distinguishes between three classes of third party beneficiaries, viz., beneficiaries who are creditors, beneficiaries who are donees, and incidental beneficiaries. He states that this distinction is not made in Louisiana, but states that in Louisiana incidental beneficiaries are not considered to enjoy the benefit of stipulations pour autrui. In the present case, Linzay is not a creditor; there is no obligation existing on the part of the Insurance Companies to continue to employ him, the contract of employment being terminable at will by either party upon notice. He is not a donee. Thus, he falls into the category of an incidental beneficiary, and cannot be considered to enjoy the benefits of a stipulation pour autrui.
Further supporting this view is the following quotation from First State Bank v. Burton, 225 La. 537, 73 So.2d 453 (1954):
"The legal result of such a stipulation is to give the party in whose favor it is created `another and additional debtor'. Gay & Co. v. Blanchard, 32 La.Ann. 497, on rehearing, 505." (73 So.2d 453, 456)
In the present case a debtor-creditor relationship did not exist on the part of the Insurance Companies toward Linzay so far as his continued employment was concerned, as employment was terminable at will upon notice. Nor was Linzay a donee. *1347 Thus, no stipulation pour autrui can be said to have been made by Farm Bureau on behalf of Linzay, and Linzay has no rights against Farm Bureau in contract for violating a stipulation pour autrui.
On whether or not Farm Bureau is liable for tortious interference with Linzay's contracts of employment, we note, first, that Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902), and Wolf & Sons v. New Orleans Tailor-Made Pants Co., 113 La. 388, 37 So. 2 (1904), held that no action existed in the state for tortiously inducing one to breach a contract of employment. These cases were quite clearly influenced by the outlawing of slavery and the repeal of the Black Code, and were in keeping with the spirit of the times, under which it was considered that a man should be free to contract for his employment as he wished. They also reflected the view of most of the other states. As is properly noted in appellant's brief, these cases no longer reflect the majority view. In most other states, a tort is now recognized for inducing a breach of an employment contract. The Louisiana Supreme Court was on the verge of so holding in National Safe Corp. v. Benedict & Myrick, Inc., 371 So.2d 792 (La. 1940). In that case, a defendant, a dealer, reconvened against a manufacturer for wrongfully hiring two of defendant's employees, who had an existing contract of employment. The Court held plaintiff, National Safe, liable for breaching an implied agreement in its contract with its dealer, which the Court found prohibited plaintiff's inducing defendant's employees from leaving their employment with defendant. The Court found that that was not an appropriate occasion to determine whether or not National Safe was also liable in tort, as it was liable in contract.
We have considered carefully whether or not we should go a step further and find in the present case that there is liability in tort for inducing a breach in an employment contract. We have concluded that, even if Louisiana should adopt the view that such a tort exists in the state, the present case is not the proper one in which to find liability. Under paragraph 15. of the contract between the Farm Bureau and the Insurance Companies, Farm Bureau was given the right by Insurance Companies to make complaints in writing about Insurance Companies' agents. Plaintiff fails to allege that anything more was done by Farm Bureau than that which it was specifically permitted to do by paragraph 15. of the contract with Insurance Companies. Furthermore, the employment contracts between Insurance Companies and Linzay were terminable at will by either party upon notice. To discharge Linzay was not a breach of contract, as there existed no provision in Linzay's contracts of employment that prevented his discharge at any time. Indeed, the contracts were quite to the contrary. There having been no provision of the employment contracts providing that Linzay could not be discharged at will upon notice, there can have been no wrongful inducement to breach the employment contracts on the part of Farm Bureau. Thus, even if a tort for wrongful inducement to breach an employment contract may be found to exist in Louisiana, it was not present in the facts of this case.
With regard to the claim of Linzay against Insurance Companies for discharge from his employment as their agent, we note that in Louisiana an employment contract for an indefinite period is terminable at will. LSA-C.C. art. 2747; Baker v. Union Tank Car Co., 140 So.2d 397 (La.App. 1st Cir. 1962); Laque v. St. Charles Parish Policy Jury, 363 So.2d 1240 (La.App. 4th Cir. 1978). In the present case, the employment contracts themselves, which constitute the law between the parties (LSA-C.C. art. 1945), provide that they are terminable at will upon notice. Thus, the contracts were terminable at will. We know of no exception, that may be found, either in the clear language of the contracts, or in the codal law or jurisprudence of this state regulating contracts of employment, except possibly *1348 with respect to employees covered by collective bargaining agreements (see dicta in Baker, supra,) which plaintiff does not allege to have existed in this case. We cannot agree with appellant's contention that Linzay's contracts of employment were somehow modified by the contract between Farm Bureau and Insurance Companies, as Linzay was not a party to that contract, and, as we have seen, there was no stipulation pour autrui. We, therefore, hold that Insurance Companies have no liability to Linzay.
We have seen that Farm Bureau is not liable to Linzay in tort for wrongful inducement to breach an employment contract, because, as we have held, Insurance Companies did not breach their employment contracts with Linzay in discharging him. We are unwilling, absent a clear manifestation of policy from this state's Supreme Court, to find that a tort could be said to exist in a third person's inducing a discharge of an employee whose contract of employment is terminable at will by either party. Such a holding would clearly go far beyond the change in attitude toward inducing a breach of an employment contract hinted at in National Safe.
Accordingly, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.