KNOLL, Judge.
Minos Broussard, a farming lessee, brought this action against Northcott Exploration Company, Inc. (Northcott), a mineral lessee, for damages to his soybean crops caused by Northcott’s drilling and production operations. The trial court concluded that Northcott’s mineral lease contained a stipulation pour autrui in Brous-sard’s favor and awarded him damages of $560.83 for 1977, $538.75 for 1978 and $538.75 for 1979, the three years in which Broussard farmed on the property while Northcott conducted drilling and/or production operations. Northcott appeals, contending the trial court erred: (1) in finding that Broussard was a beneficiary of a stipulation pour autrui; (2) in awarding Broussard damages absent proof of North-cott’s negligence or its unnecessary drilling *393 operations; and (3) in awarding Broussard damages for the years 1978 and 1979. We reverse.
FACTS
In 1974 Minos Broussard entered into a verbal predial farming lease with the landowners, Euphemie S. Trahan and others. The leased property was located in Vermilion Parish south of Delcambre, Louisiana. The lease term was from year to year, and Broussard agreed to pay the landowners a one-fifth share of the soybean crop production. Northcott entered into a mineral lease with the landowners in 1976 and began its drilling operations during the summer of 1977, a few months after Broussard had planted his soybean crops for that season. The mineral lease provided that the lessee would be responsible for all surface damages of the lessor caused by the lessee’s operations. As a result of North-cott’s drilling operations, Broussard was prevented from growing crops on approximately 3.4 acres and was forced to provide turn rows; therefore, his soybean crop was reduced in size. Additionally, in 1977 Northcott ran a flow line across the farmed property measuring approximately 700 feet by 10 to 15 feet.
In 1980, Broussard subleased the farming operation to his son, Glen Broussard. Northcott still has the drilling operation on the property in question. Minos Broussard claims damages to his soybean crops for the years 1977, 1978, and 1979, asserting that he was the beneficiary of a stipulation pour autrui provided in the mineral lease.
STIPULATION POUR AUTRUI
A contracting party may stipulate a benefit for a third person called a third party beneficiary. LSA-C.C. Art. 1978. In Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969), the Supreme Court adopted the following criteria for determining whether a stipulation pour au-trui has been made:

“(1) The existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where (a) there is a possibility of future liability either personal or real on the part of the prom-isee to the beneficiary against which performance of the promisee (sic) will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended.”

In the present case the trial court, relying on Andrepont, concluded that the mineral lease contains a stipulation in Broussard’s favor. The trial court felt the issue was the same as in Andrepont, however, we conclude the issue in the case sub judice is diffenent from Andrepont. The Supreme Court in Andrepont determined that the lease created a stipulation pour autrui because the lease originally read, “The lessee shall be responsible for all damages to timber and growing crops of lessor caused by lessee’s operations.” and the words “to timber and growing crops of lessor” were struck out and the lease provided: “The lessee shall be responsible for all damages caused by lessee’s operations.” The Supreme Court concluded that: “This deletion results in a change from the particular to the general and means that damages caused by the oil and gas lessee’s operations to parties other than the lessor were clearly contemplated.”
The lease before us provides: “The Lessee shall be responsible for all surface damages of Lessor caused by Lessee’s operations.” Clearly, this clause does not contemplate damages to parties other than the landowner-lessor. Therefore, the learned trial judge erred in finding a stipulation pour autrui in favor of Minos Broussard.
Broussard further argues that Hargroder v. Columbia Gulf Transmission Co., 290 So.2d 874 (La.1974) supports his posi *394 tion. We disagree. In Andrepont and Hargrodér the Court found a stipulation pour autrui because in each case the agreement required payment of damages by the lessee/grantee without restriction as to beneficiaries. In the case sub judice the agreement by precise terms requires the payment of only the lessor’s damages.
Having concluded that Minos Brous-sard is not the beneficiary of a stipulation pour autrui, we next consider his alternative contention that he is entitled to recover crop damages under the provisions of La. C.C. Article 2315. We find his contention in this regard equally without merit.
In Andrepont v. Acadia Drilling Company, supra, the Supreme Court rejected the ex delicto claim of a lessee for crop damages where such lessee held the premises under an unrecorded lease stating:

“When standing crops do not belong to the owner of the land, they are regarded as movables subject to separate ownership rather than as a part of the land. Such crops are treated as if they were harvested. LSA-C.C. Art. 465. See Fallin v. J.J. Stovall & Sons, 141 La. 220, 74 So. 911; Citizens’ Bank v. Wiltz, 31 La.Ann. 244; Porche v. Bodin, 28 La.Ann. 761; Yiannopoulos, Civil Law Property, § 44, PP- 134-135 (1966). Such separate ownership may be derived from a variety of contractual relationships. When it is derived from a farm lease, the lease is of course subject to the law of registry insofar as third persons are concerned.

LSA-R.S. 9:2721 provides:

‘No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated; and neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.’ Under the foregoing statute, an unrecorded lease is ineffective against third persons to establish separate crop ownership. Separate ownership arising from a lease can be asserted against third persons only when the lease is recorded. LSA-R.S. 9:2721; LSA-C.C. Arts. 2264, 2266. See Minter v. Union Cent. Life Ins. Co., 180 La. 38, 156 So. 167; Summers & Brannins v. Clark, 30 La.Ann. 436; Yiannopoulos, Civil Law of Property, § 44, p. 135 (1966).

In the present case, plaintiffs farm lease is unrecorded. It is a verbal contract, foreign to the public records. He cannot assert his separate ownership of the standing crop against the defendants, since they are third persons. As to them, the standing crop is considered as part of the land. LSA-C. C. Art. 465. Hence, under neither theory, can plaintiff recover crop damages from defendants. ”

On rehearing, the Supreme Court reiterated its aforestated position but reversed and allowed the plaintiff farm lessee to recover on the basis that the mineral lease contained a stipulation pour autrui. In the subsequent Hargroder ease, the Supreme Court followed the same rationale basing its decision in favor of the farm lessee on the basis of a stipulation pour autrui. We believe that it is implicit from these decisions that in the absence of a stipulation pour autrui a lessee under an unrecorded lease cannot recover damages ex delicto against third parties who hold a real right in the leased premises by recorded document from the owners. Cf. Jardell v. Sabine Irrigation Company, Inc., 346 So.2d 1365 (La.App. 3rd Cir.1977).
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered dismissing plaintiff’s suit with prejudice. All costs at the trial level and on appeal are assessed to plaintiff-appellee.
REVERSED AND RENDERED.