DOUCET, Judge.
Defendant, Crab Run Gas Company (Crab Run), appeals from a judgment rendered against it and in favor of plaintiffs, Mary Alice Wynn Freeland, Thomas B. Freeland, Joseph W. Freeland, and Charles J. Freeland, III, awarding them damages pursuant to an oil, gas, and mineral lease for the cost of restoring an abandoned well site to its original condition and for the crop losses sustained by plaintiffs as a result of defendant’s actions.
This case is before us for the second time and the reader is referred to the previous opinion.[1] In that opinion we determined that the defendant was liable under a mineral lease for a total of $5,103.72 in damages for the costs of restoring to its original condition property upon which defendant had drilled, plugged, and abandoned a well, and, for crop losses. Because the record was devoid of certain evidence regarding division of the property rights in question among the widow and heirs of Charles J. Freeland, Jr., we remanded the case to the trial court for the introduction of further evidence, a determination of the proper party plaintiffs, and their share of the damages in question.
On remand the trial court determined that the widow and children of Charles J. Freeland, Jr. were entitled to share in the award of damages in the following proportions: Mary Alice Wynn Freeland, an undivided one-half (1/2) interest, and Thomas B. Freeland, Joseph W. Freeland, and Charles J. Freeland III, each an undivided one-third of one-half (1/3 of 1/2) interest. At trial on remand the trial judge refused to allow defendant to introduce certain evidence, ruling that the evidence bore on matters outside the scope of the hearing on remand. Now on appeal defendant cites as error the trial court’s refusal to allow it to present such evidence and its awarding damages which plaintiffs were not entitled to recover.
The evidence defendant sought to introduce related to its claim that Carl Hetzel, Jr., a tenant farmer on the property in question, was the party who suffered the damages — not these plaintiffs. The trial judge also prohibited defendant from introducing evidence regarding the measure of damages.
The trial court properly refused to allow defendant to introduce further evidence on the issue of quantum per se — the costs of restoration and the value of crop losses. This issue had been resolved by this court. Defendant originally appealed following a complete trial on the merits in which defendant presented evidence on the issue of quantum. On appeal defendant had the opportunity to fully raise and address his assertions of error in this regard. In fact, after examining the evidence we found that the trial court had abused its discretion in making the award of damages and, accordingly, lowered the award to $3,360.00 for the cost of restoring the property to its original condition. We also found reasonable the trial court’s award of $1,743.72 for crop losses.
Carl Hetzel, Jr. was a tenant farmer on the property which had been subject to the mineral lease. The mineral lease contract was entered into in 1975 and by its terms expired in 1976. Hetzel did not enter the picture until 1977 after defendant’s well had been abandoned and the lease had expired. Thomas J. Freeland and Hetzel entered into an agreement whereby Hetzel would farm the land with Freeland receiving a percentage of the crops harvested as rent. Hetzel encountered problems because of damage to the property caused by the prior drilling activities of defendant. In 1982 this suit was filed by Thomas Free-land and Hetzel who each set forth identical claims for damages against defendant pursuant to the terms of the mineral lease agreement.
Defendant filed exceptions of no cause and no right of action as to both parties. The exceptions were sustained as to Hetzel, who was dismissed from the suit. Hetzel did not appeal. Freeland amended his suit to add as party plaintiffs his mother and brothers. The trial court rendered judgment, defendant appealed, and this court *1199 amended the award of damages and remanded the matter to the trial court. On appeal defendant, in effect, asserts that he should have been allowed to introduce evidence to show that Hetzel alone had the right of action to recover the damages sought and that the plaintiffs have no right of action.
It is interesting that defendant raised the exception of no right of action as to Hetzel which was sustained and it now asserts that in fact the only right of action belonged to Hetzel. Defendant’s position is grounded entirely on the case of Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969). In Andrepont the Louisiana Supreme Court interpreted a clause in a mineral lease which read “The Lessee shall be responsible for all damages caused by Lessee’s operations” to have been a stipulation pour autri in favor of a tenant farmer who was farming soybeans on the property subject to the mineral lease at the time the mineral lease was entered into. As a third-party beneficiary of the mineral lease the court found that the tenant farmer had a right of action in contract against the mineral lessee for crop damage.
In the case at bar the mineral lease has a clause which states: “The Lessee shall be responsible for all damages caused by Lessee’s operations.” Unlike Andrepont, supra, this mineral lease agreement was entered into and in fact had expired before any agreement was entered by the tenant farmer and the landowner. However, this factor may not be determinative as a stipulation pour autri may be for the benefit of undetermined persons provided that beneficiaries are determinable on the day on which the agreement is to have effect for their benefit. Andrepont v. Acadia Drilling Co., supra. Pretermit-ting further discussion of this issue we will assume arguendo that there was a stipulation pour autri in favor of Hetzel giving him a cause and right of action against defendant for damage to his crops. Plaintiffs-landowners-lessors clearly had a cause and right of action against defendant for damage to their land. The predial lessor is bound to maintain the land in a condition so it may be farmed by the predial lessee. If, as in this case, a third party damages the land the predial lessor has a right and cause of action against that party. La.C.C. art. 2692 and 2693.
The trial court awarded plaintiffs damages for crop losses only according to the precentages they would have received from Hetzel. Had Hetzel been able to obtain a proper yield from his crops for the years in question, he would have remitted a portion of those crops to plaintiffs. Since Hetzel’s crop yields for the years in question were low or nonexistent the plaintiffs suffered a proportionate loss. The value of the crops they would have received was the measure of their damages and this amount, $1,743.72, was awarded them by the trial court. This award was properly affirmed by this court on appeal. The issue of whether or not the trial court erred on remand by not allowing defendant to present further evidence on the issue of plaintiffs’ right and cause of action is moot.
For the reasons assigned, we affirm the judgment of the trial court.
AFFIRMED.

. 487 So.2d 174 (La.App. 3rd Cir.1986).