# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 05-1127


SHAWANE ALEXANDER

VERSUS

NICOLE GARY


************
**APPEAL FROM THE**
**LAFAYETTE CITY COURT**
**PARISH OF LAFAYETTE, NO. CV03-2647**
**HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE**

************
**JAMES T. GENOVESE**
**JUDGE**
************


Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.


**AFFIRMED.**


J. Louis Gibbens, III
Doucet – Speer, P.L.C.
725 S. Washington St.
Post Office Drawer 4303
Lafayette, La. 70501-4303
**COUNSEL FOR PLAINTIFF/APPELLANT**:
      Shawane Alexander

John W. Penny, Jr.
Penny & Hardy
100 E. Vermilion Street
Gordon Square, Suite 301
Post Office Box 2187
Lafayette, La. 70502
**COUNSEL FOR DEFENDANT/APPELLEE**:
      Margaret Gary

**GENOVESE, Judge.**

Plaintiff appeals the judgment of the trial court granting Defendant's exception of prescription thereby dismissing Plaintiff's lawsuit. For the following reasons, we affirm.

**FACTS**

Following an October 18, 2002 automobile accident, Plaintiff, Shawane Alexander (Alexander), filed suit in tort on December 18, 2003 against the operator of the other vehicle, Nicole Gary (Nicole). At the time of the accident, Nicole was operating a vehicle leased by her mother, Margaret Gary (Gary), from Hampton Mitsubishi of Lafayette (Hampton).

A peremptory exception of prescription was filed on behalf of Nicole, alleging a one-year delictual prescriptive period. Prior to the trial court ruling on Nicole's exception of prescription, Alexander supplemented her petition to assert a contractual claim against Gary based upon the rental agreement executed by Gary and Hampton.

After a hearing on Nicole's exception of prescription, the trial court sustained the exception on the basis of the one-year delictual prescriptive period and dismissed all claims against Nicole. Gary then filed a similar exception of prescription asserting that Alexander's claim had also prescribed against her.

After a hearing on Gary's exception of prescription, the trial court sustained the exception, finding that Alexander's cause of action was a tort action with a one-year prescriptive period and dismissed her suit with prejudice. Alexander appeals.

**ISSUES**

The following issues are presented by Alexander for our review:

1. Whether the trial court erred in failing to find the existence of a *stipulation pour autrui* in favor of Alexander.

1

2. Whether the trial court erred in applying the wrong prescriptive period to this cause of action.

## LAW AND ARGUMENT

### Standard of Review

Ordinarily, when an appeal involves a ruling on an exception with contested issues of fact, the standard of review is the manifest error–clearly wrong standard. *Chesne v. Mayeaux*, 03-0570 (La.App. 3 Cir. 11/5/03), 865 So.2d 766; *see also Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So.2d 575 (citing *Stobart v. State of Louisiana, Through Dep't of Transp. & Dev.*, 92-1328 (La.1993), 617 So.2d 880). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the proper standard of review is whether or not there has been legal error. *Hatten v. Schwerman Trucking* Co., 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, *writ denied*, 05-076 (La. 3/18/05), 896 So.2d 1009 (citing *Cleland v. City of Lake Charles*, 02-805, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645).

## DISCUSSION

The prescription issue before this court is whether Alexander's claim asserted against Gary is an action in tort or contract.

A delictual (tort) claim is subject to one-year liberative prescription. La.Civ.Code art. 3492. A contractual claim is subject to ten-year prescription. La.Civ.Code art. 3499.

It is undisputed that Alexander's claim against Gary was filed more than one-year after the automobile accident of October 18, 2002. Accordingly, if the action is determined to be one in tort, Alexander's cause of action has prescribed. However,

2

Alexander asserts that by virtue of the rental agreement, a *stipulation pour autrui* was perfected in her favor. Accordingly, she concludes that her claim against Gary is a contractual claim subject to a ten-year prescriptive period. We disagree.

The rental agreement, which was introduced at the hearing on the exception, reads as follows:

> I UNDERSTAND THAT LOUISIANA LAW (R.S. 22:671/R.S. 22:1406(F)) MAKES MY PERSONAL INSURANCE POLICY PRIMARY WHEN I AM DRIVING A DEALERSHIP VEHICLE. THIS LAW PERTAINS TO PHYSICAL DAMAGE (DAMAGE TO THE VEHICLE ITSELF) AS WELL AS LIABILITY.
>
> I ACCEPT FULL RESPONSIBILITY FOR ANY LOSS THAT MAY OCCUR WHILE I AM IN POSSESSION OF THIS VEHICLE LOANED TO ME BY HAMPTON MITSUBISHI.
>
> ONLY THE PERSON SIGNING THIS FORM IS AUTHORIZED TO DRIVE THIS VEHICLE. ABSOLUTELY NO ONE UNDER THE AGE OF 21 IS TO DRIVE THIS CAR.

In *Andrepont v. Acadia Drilling Co.*, 255 La. 347, 231 So.2d 347, 358 (La.1969), the Louisiana Supreme court set forth the following criteria for determining whether a *stipulation pour autrui* has been made:

> (1) The existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee (sic) will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended.

In the case at bar, there was no legal or factual relationship between the promisee, Hampton, and the third person, Alexander; therefore, there was no *stipulation pour autrui*.

The only contract at issue, the rental agreement, was a contract between

3

Hampton and Gary. It did not include, nor favor, anyone else. Thus, there was no agreement, contractually or otherwise, between Hampton, Gary, and Alexander. Given the absence of a legal and factual relationship between the promisee and the third party, the jurisprudential requirements of *Andrepont* were not met, and a *stipulation pour autrui* was not created as a result of the rental agreement between Hampton and Gary. Therefore, we find no legal error in the trial court's ruling that this is clearly an action which sounds in tort.

## CONCLUSION

We agree with the trial court that Alexander's action is a tort action and is subject to a one-year prescriptive period. Therefore, Shawane Alexander's suit against Margaret Gary has prescribed since it was not filed within one-year from the date of the accident.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Margaret Gary's peremptory exception of prescription is affirmed. All costs are assessed to the Plaintiff/Appellant, Shawane Alexander.

**AFFIRMED.**

4