NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-34

JOHNSON LAW FIRM, LLC, ET AL.

VERSUS

TINA RABALAIS KNOLL, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2014-0147-A
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE AD HOC

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.

AFFIRMED AS AMENDED.

Rodney M. Rabalais
P.O. Box 447
Marksville, LA 71351
(318) 253-4622
COUNSEL FOR DEFENDANT/APPELLANT:
    Tina Rabalais Knoll

Michael F. Kelly
P.O. Box 528
Marksville, LA 71351
(318) 253-5815
COUNSEL FOR DEFENDANT/APPELLEE:
    Jerold Edward Knoll, Jr., Trustee
    The Andrée Noelle Knoll Trust

Jerold Edward Knoll
The Knoll Law Firm
P.O. Box 426
Marksville, La 71351
(318) 253-6200
COUNSEL FOR DEFENDANT/APPELLEE:
    Jeannette Theriot Knoll

Mary Helen Johnson
Johnson Law Firm, LLC
P.O. Box 468
Marksville, LA 71351
(318) 253-0935
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Johnson Law Firm, LLC
    Robert Allen Johnson

**KYZAR, Judge.**

The defendant, Tina Rabalais Knoll, appeals from a trial court judgment finding that her share of the proceeds of her ex-husband's life insurance policy belongs to the defendant, the Andrée Noelle Knoll Trust, pursuant to a stipulation pour autrui established in the contract she executed to hire the plaintiff, the Johnson Law Firm, LLC. For the following reasons, we affirm as amended.

## DISCUSSION OF THE RECORD

This matter is before us for the second time on appeal. The facts of this matter were fully addressed in our prior opinion, and we adopt those facts as though fully incorporated herein. *Johnson Law Firm, LLC v. Knoll*, 15-81 (La.App. 3 Cir. 10/7/15), 175 So.3d 1038, *writ denied*, 15-2062 (La. 1/8/16), 184 So.3d 695. In that appeal, we reversed the trial court's grant of summary judgment in favor of the Andrée Noelle Knoll Trust (the Trust), which found that Tina Rabalais Knoll (Tina) assigned her share of her ex-husband's life insurance benefits to the Trust, which was created for their minor daughter, Andrée Noelle Knoll (Andrée). We further affirmed its denial of summary judgment in favor of Tina; and remanded the matter for further proceedings.

Following our remand, a trial on the merits was held on July 26, 2016, after which, the trial court took the matter under advisement. Thereafter, on September 6, 2016, the trial court rendered written reasons, finding that the Trust failed to prove an assignment of Tina's share of the proceeds to it based on its failure to prove by clear and convincing evidence that Tina and the Johnson Law Firm agreed to a price for the assignment. However, it held that in the contract between the parties, Tina stipulated a benefit, her share of the insurance proceeds, in favor of the Trust; thus, as the third party beneficiary, the Trust was the owner of those proceeds. Subsequently, on September 13, 2016, the trial court amended its

written reasons in order to clarify that the standard of proof applied was "a preponderance of the evidence" as opposed to "clear and convincing evidence."

A written judgment was rendered on September 19, 2016. Thereafter, Tina perfected this appeal; and the Trust filed an answer to Tina's appeal. On appeal, Tina asserts two assignments of error:

1. The trial court erred by ruling the contract contained an enforceable stipulation *pour autrui* resulting in the transfer of Tina's proceeds to the trust.

2. The trial [court] erred by accepting parole evidence to prove the stipulation *pour autrui*.

In its answer to Tina's appeal, the Trust asserts two assignments of error:

1. The Trial Court Initially Used the Wrong Burden of Proof.

2. The Trial Court Erred In Finding Inadequate Evidence of Assignment.

**OPINION**

This appeal involves the interpretation and application of a contract executed by and between Tina and the Johnson Law Firm, and its effects, if any, towards the Andrée Noelle Knoll Trust. We thus look to the Louisiana Civil Code Articles relevant to the creation and interpretation of contracts.

A contract, which is an agreement by two or more parties, is formed by the consent of the parties expressed through offer and acceptance. La.Civ.Code arts. 1906, 1927. Consent to a contract may be vitiated by error, fraud, or duress. La.Civ.Code art. 1948. "Parties are free to contract for any object that is lawful, possible, and determined or determinable." La.Civ.Code art. 1971. "Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith." La.Civ.Code art. 1983.

2

In Louisiana, "[a] contracting party may stipulate a benefit for a third party called a third party beneficiary. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement." La.Civ.Code art. 1978. This benefit, known in Louisiana as a "stipulation pour autrui," gives the third-party beneficiary "the right to demand performance from the promisor." La.Civ.Code art. 1981; *see Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 05-2364 (La. 10/15/06), 939 So.2d 1206.

The three criteria for determining whether a contract establishes a stipulation pour autrui are: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Id.* at 1212. "[E]ach contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person[,]" and the party claiming the benefit of the stipulation pour autrui bears the burden of proof. *Id.*; La.Civ.Code art. 1831.

Contracts are interpreted according to the common intent of the parties as established through their words. La.Civ.Code art. 2045. Accordingly, if the words of a contract are "clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *Id.* The determination of whether a contract is clear or ambiguous is a question of law, which is reviewed pursuant to the *de novo* standard of review. *Wooley v. Lucksinger*, 09-571, 09-584, 09-585, 09-586 (La. 4/1/11), 61 So.3d 507.

The language at issue in this matter is contained in the first paragraph of the July 7, 2011 contract by which Tina hired the Johnson Law Firm to represent her and her daughter. That language provides:

3

**NAME:** Tina Rabalais Knoll individually and on behalf of her minor daughter, [Andrée] [Noelle] Knoll

**ADDRESS: 942 South Main Street
Marksville, Louisiana 71351**

hereinafter called Client, whether one or more, hereby appoints and employs **JOHNSON LAW FIRM, LLC**, acting by and through any of its associates and/or representatives, and having its principal address as P.O. Box 468, Marksville, Louisiana 71351, and having its office at 502 Tunica Drive East, Marksville, Louisiana 71351, as my attorneys to represent me in connection with obtaining life insurance proceeds for my minor daughter, Andrée [Noelle] Knoll, from her deceased father, Triston Kane Knoll's life insurance policy with Banner Insurance. It is my understanding that I may be a compete ting [sic] beneficiary on said policy, and should that be the case, once this matter is concluded or settled I am directing you to have any portion of said proceeds that I may be entitled to, be transferred directly to my minor daughter's trust.

In her first assignment of error, Tina argues that the stipulation contained in the contract "is a gratuitous transfer of an incorporeal movable that is absolutely null for lack of proper form and authority." She further argues that because Andrée is a party to the employment contract, and the ultimate beneficiary of the stipulation, she cannot be a third party beneficiary to the contract. We find no merit in these arguments.

After thoroughly reviewing the law pertaining to stipulation pour autrui, we find that the classification of the underlying stipulation has no effect on the validity of the stipulation pour autrui. Rather, it is the validity of the contract containing the stipulation that matters. Once a valid contract occurs and the third party indicates acceptance of the benefit, "a binding obligation results." *Carl Heck Eng'rs, Inc. v. Haselden & Assocs., Inc.*, 316 So.2d 890, 897 (La.App. 1 Cir.), *writ denied*, 320 So.2d 912 (La.1975).

In *Carl Heck Engineers*, 316 So.2d at 895-97, the court stated:

> Our understanding of Articles 1890 and 1902, above, is that the nature or classification of the obligation stipulated in favor of a third party does not vitiate the stipulation. Rather, the articles require that

4

validity demands only that the obligation stipulated in favor of the third person be either a condition upon which the agreement between the parties depends, or a consideration of the agreement between the contracting parties.

. . . .

. . . As noted above, Article 1890 provides that an advantage in favor of a third person may be made either the condition or consideration of a commutative contract or onerous donation. The fact that such a stipulation is conditional or penal, or whether it is the primary or secondary purpose of the agreement, is a matter of no moment. If the parties agree to such a stipulation, a binding obligation results.

Although this case dealt with the precursors to La.Civ.Code arts. 1978 and 1979,[1] the 1984 revision, pursuant to 1984 La. Acts No. 331, § 1, did not change the law.

Furthermore, based on the aforementioned contract principles, Tina and the Johnson Law Firm were "free to contract for any object that [was] lawful, possible, and determined or determinable." La.Civ.Code art. 1971. Thus, they are bound by the terms of their contract as though bound by law; and dissolution will only occur by agreement or upon the grounds provided by law. La.Civ.Code art. 1983. However, because this contract involved a stipulation pour autrui, dissolution was only possible if Tina dissolved the contract before the Trust expressed its desire to accept the benefit stipulated in its favor. La.Civ.Code art. 1983. However, it is clear, based on Tina's federal trial testimony, that the Trust had indicated its intent to accept the benefit stipulated in its favor prior to the March 20, 2013 federal trial

---

[1] La.Civ.Code art. 1978:

A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.

La.Civ.Code art. 1902:

But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent.

5

in her suit against the insurance company. *Knoll v. Banner Life Ins. Co.*, 11-01725 2013 WL 1390006 (W.D. La. April 4, 2013), *aff'd*, 542 F.App'x 422 (5th Cir. 2013). According to both Tina and Mr. Johnson, Tina's decision to dissolve the contract occurred sometime after this date. Thus, because Tina lacked the authority to dissolve the contract, the contract could only be dissolved under the grounds provided by law. La.Civ.Code art. 1983.

Pursuant to the Louisiana Civil Code, a contract is rendered null when the requirements for its formation have not been met. La.Civ.Code art. 2029. Those requirements are the capacity to contract, La.Civ.Code art. 1918; consent expressed through offer and acceptance, La.Civ.Code art. 1927; a lawful cause, La.Civ.Code art. 1966; and freedom to contract, La.Civ.Code art. 1971. Consent is vitiated by error, fraud, or duress, and an unlawful cause is one that is "prohibited by law or against public policy." La.Civ.Code arts. 1948 and 1968.

Here, both Tina and the Johnson Law Firm had the capacity to contract; they both consented to the terms of the contract; there is no evidence that their consent was vitiated by error, fraud, or duress; the cause of their contract was neither prohibited by law or against public policy; and they were free to contract because the object of their contract was lawful, possible, and determined. Accordingly, we find that the contract executed by Tina and the Johnson Law Firm was neither absolutely nor relatively null in that the object of the contract, the hiring of the Johnson Law Firm to represent Tina and Andrée, was neither illicit nor immoral and because the parties clearly had the capacity to contract and freely consented to the contract's terms. La.Civ.Code arts. 2030 and 2031.

Moreover, we do not find, as argued by Tina, that the stipulation was rendered invalid based on a lack of proper form and authority. In *Joseph*, 939 So.2d 1206, the supreme court held that there is no statutory requirement that a

6

stipulation pour autrui be in writing; however if the underlying contract is required to be in writing, then the stipulation must also be in writing. To hold otherwise would be to require the stipulation to be self-executing, with no further action required of the beneficiary to take advantage of the stipulation once the contract is executed. However, as stated in *Carl Heck Engineers*, it is only required that the third party beneficiary indicate acceptance of the stipulated benefit for a binding obligation to occur. In effectuating the stipulation, it may indeed be necessary for the beneficiary thereof to require the preparation of other documents such as deeds, rights of way, donations, or other legal steps to take advantage of the stipulation, including litigation. However, this in and of itself does not invalidate the stipulation because a valid stipulation only confers on the beneficiary the right to demand performance from the promisor. *Joseph*, 939 So.2d 1206.

We further note that unlike inter vivos donations, no specific formality is required of the third party beneficiary to accept the stipulation. According to La.Civ.Code art. 1978, the third party beneficiary need only "manifest[] his intention to avail himself of the benefit." In *Scarberry v. Entergy Corp.*, 14-1256, p. 10 (La.App. 4 Cir. 5/6/16), 172 So.3d 51, 59, the court further explained:

> "[T]he law does not require express acceptance or consent on the part of the beneficiary nor does it require a particular form of acceptance or consent." *Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp.*, 01-0345, p. 12 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 101 (citing *Andrepont v. Acadia Drilling Co.*, 231 So.2d 347, 351, 255 La. 347 (1969)). Moreover, comment (b) of La. Civ.Code art. 1978 provides: "the beneficiary's intention to accept the benefit may be made known in any manner, even implied. The filing of suit is a sufficient expression of such an intention."

As previously stated, it was clear that the Trust indicated its intent to accept the benefit stipulated in its favor.

We also find no merit in Tina's argument that a valid stipulation pour autrui does not exist because Andrée, who is a party to the contract, is also the ultimate

7

beneficiary of the stipulation in favor of the Trust. She bases her argument on La.R.S. 9:1731, which states, "A trust, as the term is used in this Code, is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." Tina further claims that Jerold Edward Knoll, Jr., the trustee, and Andrée, are the only persons involved in this trust and that the trustee acts as a fiduciary solely for the benefit of Andrée.

While the purpose of the trust is to administer the trust property for the sole benefit of the beneficiary, "title to the trust property vests in the trustee alone, and a beneficiary has no title to or ownership interest in trust property, but only a civilian 'personal right' vis-a-vis the trustee, to claim whatever interest in the trust relationship the settlor has chosen to bestow." *Bridges v. Autozone Props., Inc.*, 04-814, p. 18 (La. 3/24/05), 900 So.2d 784, 796-97 (citing *Read v. U.S. ex rel. Dept. of Treasury*, 169 F.3d 243 (5th Cir. 1999)). Furthermore, La.Code Civ.P. art. 699 provides that "[e]xcept as otherwise provided by law, the trustee of an express trust is the proper plaintiff to sue to enforce a right of the trust estate." Thus, the ownership of the Trust's property properly vested in Mr. Knoll, as trustee, who is a natural person capable of being a third party beneficiary.

Although the parties failed to name Mr. Knoll in the employment contract, we find this failure to be of no moment since a stipulation pour autrui may be established for the benefit of an undetermined person, as long as the beneficiary is "determinable on the day in which the agreement is to have effect for their benefit." *Camellia Place Subdivision-Block 1 Ass'n. v. Willet*, 491 So.2d 764, 768 (La.App. 3 Cir.), *writ denied*, 496 So.2d 349 (La.1986) (citing *Andrepont v. Acadia Drilling Co.*, 255 La. 347, 231 So.2d 347 (1969)). Thus, despite not being listed in the contract, Mr. Knoll was the third party beneficiary contemplated by the parties

8

to the contract based on his status as trustee of the Trust.

In light of the foregoing, and after reviewing the contract, we find that its language is clear and unambiguous; thus, no resort to extrinsic evidence was required to determine the intent of the parties in entering this contract. We further find that Tina manifested a clear intention to benefit Mr. Knoll, as trustee, by transferring her share of the insurance proceeds to him, so he could administer them through the Trust for the benefit of Andrée; that the benefit she stipulated in Mr. Knoll's favor was certain; and finally, that the advantage stipulated to Mr. Knoll was not a mere incident of the contract between Tina and the Johnson Law Firm.

Accordingly, we affirm the trial court's judgment finding that the contract between Tina and the Johnson Law Firm stipulated a benefit in favor of a third party beneficiary. However, we amend the judgment to find that the benefit was stipulated in favor of Mr. Knoll, as trustee of the Andrée Noelle Knoll Trust, rather than the Trust; thus, Mr. Knoll, in his capacity as trustee, is the rightful owner of Tina's share of the life insurance benefits. Based on this finding, we need not address the Trust's answer to appeal on the issue of whether Tina assigned her rights to the proceeds to the Trust.

## DISPOSITION

For the forgoing reasons, the judgment of the trial court is amended to find that a valid stipulation pour autrui was created in favor of Jerold Edward Knoll, Jr., as trustee of the Andrée Noelle Knoll Trust, and the judgment is affirmed as amended. Costs of this appeal are assessed to Tina Rabalais Knoll.

**AFFIRMED AS AMENDED.**

9