627 So.2d 226 (1993)
Oliver J. MEYER
v.
Raymond J. ULLO and Barbara Carmouche Ullo.
No. 93-C-1924.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1993.
Arcenious F. Armond, Jr., Gretna, for relator.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
WRIT GRANTED; RELIEF DENIED:
In April, 1992, Oliver J. Meyer filed suit against Raymond Ullo for past due rent for the months of November and December, 1991 and January and February, 1992. Mr. Ullo filed exceptions of no right of action, no cause of action, prematurity, and want of amicable demand.[1]

I. ULLO'S EXCEPTION OF NO RIGHT OF ACTION

Mr. Ullo asserted that Mr. Meyer had no right of action because he failed to show that he was the real party in interest since the lease was originally between Ullo and Oliver P.J. Meyer and Edna L. Meyer. In response Mr. Meyer submitted an assignment to him of the lease from the successions of Oliver P.J. and Edna Meyer. Mr. Ullo complains that the "Assignment of Lease From: Succession of Oliver P.J. Meyer and Edna Legnon Meyer, Emile J. Meyer To: Oliver J. *227 Meyer" submitted by Mr. Meyer was not signed by Oliver J. Meyer, was not notarized, and did not have the signature of two witnesses. Mr. Ullo contends that these are fatal deficiencies which render the assignment invalid.
In the absence of a valid assignment, Mr. Ullo concludes that Mr. Meyer has no standing to enforce the lease.
The section of the Civil Code entitled "Of The Assignment Or Transfer Of Credits And Other Incorporeal Rights" [emphasis added] commences with LSA-C.C. art. 2642:
"In the transfer of credits, rights or claims to [against] a third person, the delivery takes place between the transferror and the transferee by the giving of the title."
There is no requirement in this section of the Civil Code that the assignment be in authentic form before a notary and two witnesses. In Rosenblath v. Rice, 73 So.2d 812 (La.App. 2 Cir.1954) an assignment in the form of a letter was held to be valid. See also LSA-C.C. art. 1834 which provides that:
"An act that fails to be authentic because of the lack of competence or capacity of the notary public, or because of a defect of form, may still be valid as an act under private signature."
The failure of the respondent to sign the assignment does not render it invalid. There is no such requirement. By way of analogy, in transfers of ownership of real property (corporeal rights as opposed to the incorporeal rights involved in the instant case) which are normally attended by a high level of legal formality, an otherwise valid act of sale that is not signed by the vendee is not thereby invalidated.
A scholarly analysis of such requirements of form is to be found in Meyer's Manual On Louisiana Real Estate (Claitor's Publishing Division 1992) at p. 22"
The Louisiana Supreme Court has held in one decision that the vendee need not sign a cash sale to evidence consent. Lepine v. Marrero, 116 La. 941, 41 [So.] 216 (1906). Technically, the precepts of La.Civ.Code arts. 517, 1839 and 3483 do not state who must sign such a notarial transfer, but art. 1839 ambiguously implies that the "transferor" must evidence a recognition of the transfer. The reason why the Civil Code requires execution of a written document is to establish literal proof of the relinquishment of incorporeal rights in real estate. The vendee of a cash sale relinquishes no incorporeal rights but only rights in corporeal and movable cash, receipt of which is acknowledged by the vendor. [Emphasis added].
The delivery to and acceptance by the assignee, Mr. Meyer, of the assignment can be deduced from the fact that he produced a copy of it and seeks to pursue his rights thereunder in this litigation. Therefore, it was not error for the trial court to deny Mr. Ullo's exception of no right of action.

II. ULLO'S EXCEPTION OF NO CAUSE OF ACTION

Relator did not annex Meyer's petition to his writ application. The exception of no cause of action is to be judged solely on the face of the petition as no evidence may be introduced at the trial thereof. LSA-C.C.P. 931. Thus, on the showing made, Ullo has failed to furnish this court with any basis on which this Court might sustain his exception of no cause of action.

III. ULLO'S EXCEPTION OF PREMATURITY AND WANT OF AMICABLE DEMAND

The exceptions of prematurity and want of amicable demand were based on Mr. Meyer's alleged failure to state in his petition that he placed Mr. Ullo in default or sent written notice of the failure to pay rent as required by the lease. The writ application contains four letters written to Mr. Ullo demanding the past due rent as well as Mr. Ullo's cancelled check dated February 12, 1992 payable to Mr. Meyer for the November 1991 rent, in effect acknowledging Mr. Meyer to be the proper party entitled to receive the rent. Relator acknowledges in his application that the lease expressly states that no putting in default is required. There is sufficient evidence to sustain the trial court's denial of relator's exceptions of prematurity and want of amicable demand.
*228 For the foregoing reasons, the relief requested by the relator, Mr. Ullo, is denied and the judgement of the trial court denying his exceptions is affirmed.
AFFIRMED.
NOTES
[1] Mr. Ullo also filed exceptions of failure to join an indispensable party and nonjoinder of a necessary party; but, these exceptions became moot when Mr. Meyer added Barbara Ullo as a defendant.