STEWART, J.
|, Defendant/Appellant, Ralph L. Abraham, Jr., Inc. (“Abraham”), is appealing a judgment granted in favor of Plaintiff/Ap-pellee, Louisiana Mobile Imaging, Inc. (“LMI”). For the reasons discussed below, we affirm the trial court’s judgment.
FACTS
In this case, LMI is seeking to recover unpaid funds in the amount of $14,528.86 from Abraham pursuant to an agreement whereby LMI provided its ultrasound equipment to Abraham to be used in his medical office. According to the terms of the agreement, Abraham would bill an insurance carrier or Medicare for both his services to the patient and for the use of LMI’s ultrasound machine. Once Abraham received payment, he would keep the amount due for his services and remit the sums due for the use of the ultrasound to LMI.
On September 1, 1998, LMI transferred any rights it may have had in the ultrasound equipment to Consolidated Medical Management, Inc. (“CMM”) via an asset purchase agreement.
For reasons not clear from the record, the amounts alleged to be due for use of the ultrasound equipment from September 24, 1999, to October 9, 1999, were not remitted by Abraham to the appropriate party.
On June 13, 2006, LMI filed a petition for a concursus proceeding. It sought to require Abraham to deposit the funds at issue into the court’s registry and allow all interested parties the opportunity to seek recovery of those funds. LMI based its claim on an agreement dated August 22, 2007, whereby CMM assigned, transferred, and conveyed to it, for consideration |2in the amount of $10.00, all rights stemming from the original agreement to any money being held by Abraham that arose from the use of the ultrasound machine.
Abraham filed dilatory exceptions of unauthorized use of a summary proceeding and lack of procedural capacity and peremptory exceptions of res judicata, no cause of action and no right of action in response to LMI’s petition. The trial court sustained Abraham’s dilatory exception of improper use of summary proceeding and gave LMI ten days to amend the pleading to cure the defect subject to dismissal. The remaining exceptions were held in abeyance pending the amendment. LMI subsequently filed an amended petition that eliminated the concursus language.
Abraham disputed LMI’s claim to the funds. He filed an exception of prescription, arguing that the claim was subject to the three-year liberative period pursuant to La. C.C. art 3494. Abraham also dis *1081 puted the validity of the August 22, 2007 assignment of rights from CMM to LMI and the amount alleged to be due.
The trial for this case took place on October 2, 2008. Since the matter had been essentially tried in a previous case, the parties in this case offered evidence adduced in the matter of Ralph L. Abraham v. North End Farms, that was heard in the Fifth Judicial District Court on October 6, 2005. In that matter, Abraham filed suit to recover some rent that was allegedly due on a parcel of farm property. North End Farms is a Louisiana partnership, of which Cooper is a partner. North End Farms, which is a Louisiana partnership, admitted that the rent was due, but claimed as a setoff the same | ¡¿funds which are at issue in this matter. The trial court determined that no setoff was applicable due to the lack of identity of the parties.
LMI received an assignment from Cooper, who was a partner is North End Farms and has 100% interest in LMI, on June 14, 2007, where he relinquished any rights he had to payment from Abraham of amounts due pursuant to the agreement regarding the ultrasound equipment. On that same day, North End Farms clarified that LMI was the proper party to proceed against the funds. North End Farms had previously claimed an interest in the funds via assignment. Based on these assignments and the assignment from CMM to LMI, LMI asserts that it is entitled to these funds.
Testifying in Ralph L. Abraham v. North End Farms, Cooper verified his assignment explaining that “he assigned any rights that he may have against Ralph Abraham to North End Farms.” Cooper initially had a 25% interest in LMI, but ultimately acquired 100% of its interest.
In the prior proceeding, Abraham testified that he was holding sums in excess of $14,000.00 based on the advice of his attorney. He testified that the funds were attributable to the use of the ultrasound machine and were to be remitted to the owners of that machine pursuant to an agreement. He admitted that the funds held were not his property, but were being held for the benefit of others.
The trial court denied Abraham’s exception of prescription, found the written assignment was properly authenticated and admissible, and determined that LMI was entitled to recover the funds held by Abraham. The trial court noted in its reasons for judgment:
|/The defendant’s bookkeeper testified [in the prior case] without contradiction that the defendant had collected $14,528.86 for the use of the ultrasound machines, that the machine did not belong to the defendant, that these funds did not belong to the defendant, and that these monies were deposited in the defendant’s account and not paid to anyone.
LMI was awarded $14,528.86. Abraham now appeals the denial of his exception of prescription and the judgment awarding LMI the amount of $14,528.96.
LAW AND DISCUSSION

Validity of the Assignment

In Abraham’s first assignment of error, he argues that the trial court erred in ruling that the August 2007 assignment of the contract, which was from CMM to LMI, was admissible and properly authenticated. Abraham asserts that this assignment is not properly authenticated because it was not accompanied by any corporate minutes of CMM showing that the person who signed the assignment was someone with the authority to do so.
*1082 The August 2007 assignment contains the following description for the rights conveyed:
... any and all rights which it have [sic] or hold [sic] in and to monies presently in the hands of Ralph L. Abraham, Jr., M.D. (A Professional Medical Corporation), which arose out of the utilization of ultrasound or imaging equipment at the office of Dr. Abraham pursuant to an original agreement between the said Ralph L. Abraham, Jr., M.D. (A Professional Medical Corporation) and Louisiana Mobile Imaging, Inc.
La. C.C. art 2642 states:
All rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor.
IftAn assignment is a valid transfer of rights and may be done orally. Rond v. Sims, 355 So.2d 591 (La.App. 4 Cir. 2/14/78). An oral assignment must be proved like any other fact. Id. There is no requirement in this section of the Civil Code that the assignment be in authentic form before a notary and two witnesses. Meyer v. Ullo, 627 So.2d 226 (La.App. 4 Cir 11/18/93). The ultimate debtor cannot question the validity of an assignment of a debt unless he can show prejudice. Sutton v. Lambert, 94-2301 (La.App. 1 Cir. 6/23/95), 657 So.2d 697.
David Cooper testified that LMI was the assignee of rights, which were transferred by CMM. Cooper testified that he asked Bland Greeson of CMM to obtain the assignment. Even though Cooper did not have certified minutes of the corporation’s board showing the agent’s authority, he gave testimony concerning his dealings on behalf of LMI in obtaining the reassignment of rights from CMM. In the absence of any evidence otherwise contradicting this occurrence, Cooper’s uncontradicted testimony and the written assignment establishes that this assignment was made. Additionally, a copy of the assignment was submitted to the trial court.
After hearing Cooper’s testimony, coupled with the evidence submitted, the trial court determined that the written assignment was properly authenticated and admissible:
The testimony of Mr. Cooper, together with the testimony and exhibits from this trial and from the prior litigation which was offered into evidence, shows that the plaintiff is owed the money that is the subject of this litigation.
|fiWe agree with the trial court’s determination that the assignment was properly authenticated and admissible. Therefore, this assignment of error is meritless.

Amount of the Award

In his second assignment, Abraham argues that the trial court erred in awarding $14,528.86, when the clear stipulation at trial showed the only amount which could possibly be owed was $1,211.89. To support this argument he refers to the testimony of Hope Jones, Abraham’s office manager who submitted three invoices for $341.55, $430.34, and $440.00. Therefore, even if the assignment is determined to be valid, Abraham asserts that the only amount owed is $1,211.89.
The three invoices amounting to $1,211.89 that Abraham is referring to were directly from Cooper, not LMI. In fact, these invoices are no longer an issue because Abraham did issue Cooper checks for these amounts. Abraham has confused the claims of Cooper with LMI’s demand. Rather, the funds at issue in the present case are those which Abraham retained that were attributable to the use of the diagnostic equipment. LMI is seeking to recover all of the funds collected and held *1083 by Abraham from the use of LMI’s machine, which amounted to $14,528.86.
Hope Jones, who was Abraham’s office manager, testified during the trial in the Ralph L. Abraham v. North End Farms case that Abraham received $14,528.86 from billing from the ultrasound machine that was not remitted to the appropriate third party. Jones also reiterated that neither the ultrasound machine, nor the funds remitted that related to the ultrasound | ^machine, belonged to the defendant. Jones brought and submitted invoices amounting to $14,528.86 that were billed to Abraham, who then billed the same amount to a third party. Abraham then retained these funds. This testimony was uncontradicted.
In evaluating the evidence, the trier of fact should accept as true the uncon-tradicted testimony of a witness where the record indicates no sound reason for its rejection. Fontenot v. Patterson Insurance, 2006-1624 (La.App. 3 Cir. 2/18/09), 5 So.3d 954.
In regards to our review of the record, we accept Jones’ testimony as true. As stated above, the written assignment was properly authenticated and admissible. Therefore, the trial court did not err in awarding LMI $14,528.86.

Prescription

In his third and final assignment, Abraham asserts that the trial court erred in denying the exception of prescription because the suit was filed over six years after the services were rendered on which the claim was made. Abraham argues that the invoices were for services rendered between September 24, 1999, and October 9, 1999. LMI filed this lawsuit on June 13, 2006, which was over six years after the service was rendered.
To support this prescription argument, Abraham cites La. C.C. art. 3494, which states in pertinent part:
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions,_jjtuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
The nature of the transaction between Dr. Abraham and LMI was revealed in the testimony of Cooper. He stated that the medical equipment and a technician were made available by LMI to Dr. Abraham. The fees owed to LMI in connection with this arrangement were determined by the amount of procedures that performed on the patients in Dr. Abraham’s office with the use of the equipment.
Our review of the record and the applicable law convinces us that LMI is not seeking to recover funds from Abraham for his performance of a service. Rather, LMI is seeking to recover funds resulting from Dr. Abraham’s utilization of its medical equipment and technician.
Such a unique arrangement displays the characteristics of an innominate contract. An innominate contract is one with no special designation in our law. La. C.C. art.1914. Since this case is characterized as a innominate contract, it is governed by a liberative prescription of ten years as provided by La. C.C. art. 3499. La. C.C. art 3499 reads:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescriptive period of ten years.
Therefore, the trial court was correct in denying the exception of prescription.
*1084 CONCLUSION
For the aforementioned reasons, we affirm the trial court’s judgment rendered in favor of LMI. Costs of this appeal are assessed against the appellant, Abraham.
| c, AFFIRMED.