STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JOHNSON LAW FIRM, LLC, ET AL.

VERSUS

TINA RABALAIS KNOLL, ET AL.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2014-0147-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.


REVERSED IN PART; AFFIRMED IN PART; REMANDED.


Michael F. Kelly
Post Office Box 528
Marksville, LA   71351
(318) 253-5815
COUNSEL FOR DEFENDANT/APPELLEE:
     Andree Noelle Knoll Trust

Rodney M. Rabalais
Post Office Box 447
Marksville, LA   71351
(318) 253-4622
COUNSEL FOR DEFENDANT/APPELLANT:
     Tina Rabalais Knoll

**Jerold Edward Knoll, Jr.**
**Post Office Box 426**
**Marksville, LA   71351**
**(318) 253-6200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Jeannette Theriot Knoll**

**Mary Helen Johnson**
**Johnson Law Firm, LLC**
**Post Office Box 468**
**Marksville, LA   71351**
**(318) 253-0935**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Robert Allen Johnson**
     **Johnson Law Firm, LLC**

**AMY, Judge.**

The representative law firm placed life insurance proceeds that it obtained through federal litigation into the registry of the court, noting that the decedent's former wife and the minor child of the former marriage were designated beneficiaries. The minor child, appearing through a trust established in her favor, alleged that the former wife had assigned her right to any proceeds from the policy in favor of the trust at the time. The former wife challenged that characterization, asserting that the requirements for an assignment were not present. The parties filed cross motions for summary judgment on their respective right to the funds held in the registry. The trial court granted the summary judgment filed by the trust and denied that of the former wife. The former wife appeals. For the following reasons, we reverse the summary judgment entered, affirm the denial of the cross motion for summary judgment and remand for further proceedings.

### Factual and Procedural Background

Triston Knoll obtained a life insurance policy from Banner Life Insurance Company in 2003 and listed Tina Knoll, his wife at that time, and their minor child, Andree Knoll, as the primary beneficiaries. Policy information contained in the record reveals that he assigned the beneficiaries 33.34% and 66.66% shares of the death benefit, respectively. Triston and Tina were granted a divorce in 2009.

Following Triston's April 2011 death, the beneficiary designation was questioned as conflicting accounts arose over whether Triston had perfected a change in the policy to list Adrienne Theriot, Triston's biological mother, as the beneficiary at the time of his death. The instant concursus proceeding arises from that initial dispute. In filing the Petition for Concursus, the Johnson Law Firm appeared through attorney Robert Johnson and alleged that the succession attorney,

Jerold Edward Knoll (Mr. Knoll), became aware of the potential of Adrienne filing a claim on the policy during the initial stages of the benefit dispute.

In June 2011, Jerold Edward Knoll, Jr. (Jerold), Triston's brother and executor of Triston's succession, filed a motion to create a trust on behalf of the minor child. The motion explained that Triston's last will and testament left the entire estate to the minor child and that the request was "derivative from the intentions" thereof. The motion, included in the record, includes a "Concurrence" paragraph, containing language that: "I, TINA RABALAIS, . . . do hereby concur and agree to the creation of the ANDREE NOELLE KNOLL TRUST." (The Trust). The trial court entered the order, creating the Trust and appointing Jerold as the trustee.

The petition indicates that subsequent to the formation of the Trust, Mr. Knoll was informed of a potential deficiency in the change of beneficiary form. The petition explains that Mr. Knoll advised Tina at that time of the possibility of "competing claims to the insurance proceeds and she should seek an attorney." In July 2011, Tina met with Mr. Johnson and, according to the petition, "request[ed] that he represent she and her minor daughter . . . as competing beneficiaries." Mr. Johnson, through the petition, alleges that he initially offered to represent her on a contingency basis.

However, Mr. Johnson alleges that Tina advised him that "she had an agreement with the Knoll family to place any proceeds she may receive from said policy into the . . . TRUST for her daughter's benefit and provided him with a handwritten letter to that effect." The petition alleges that, when Mr. Johnson informed her that she would be giving up policy benefits if she prevailed in the litigation, Tina informed him that "she was Triston's ex-wife, that they had been

2

divorced nearly two years, and Triston would have wanted his money to go to their daughter[.]" Mr. Johnson states in the petition that Tina "asked [him] to handle this matter for a minimal fee as a favor to the Knoll family" since she was assigning any proceeds she received into her minor daughter's trust. Mr. Johnson asserts that, based upon Tina's representations, he agreed to handle the matter for a reduced hourly rate.

This record includes the resulting, July 7, 2011 "Contract to Hire Attorney," dated July 7, 2011, which reflects a $100 hourly rate and identifies "Tina Rabalias Knoll individually and on behalf of her minor daughter" as the "Client[.]" It further indicates that she employed the Johnson Law firm to represent her "in connection with obtaining life insurance proceeds for [her] minor daughter . . . ." and provided direction regarding the depositing of funds into the Trust of the minor child, as discussed more fully below.

Thereafter, and as detailed in the petition for concursus, litigation commenced in federal court to address Adrienne's beneficiary claim. The petition indicates that an April 2013 judgment was ultimately rendered in favor of Tina and the minor child for the proceeds in their entirety. Mr. Johnson notes in the petition for concursus that Tina testified at the proceedings "that she had an agreement with the Knoll family to place any proceeds that she would receive in this matter in a trust created for her minor daughter's benefit." After the matter was upheld on appeal, Mr. Johnson received the policy proceeds and deposited them into his attorney trust account.

Mr. Johnson represents that, in November 2013, Tina appeared at his office, "stating that she had changed her mind and wanted to retain the proceeds for herself and not place them into the [Trust]." The petition alleges that, following

3

various discussions, and after Tina retained separate counsel, Mr. Johnson advised Tina's counsel that he would place all funds into the registry of the court. During ensuing communications regarding the funds with Tina's counsel, Mr. Johnson's representation was terminated.

Mr. Johnson asserts in the petition that, in reference to La.Civ.Code art. 2642, "it appears that [Tina] may have assigned her rights to the [minor child's trust] considering her testimony in federal court, the language of the employment contract, and her agreement with the Knoll family." Perceiving a potential conflict between Tina, her daughter, and the Trust, Mr. Johnson filed the petition for concursus,[1] and requested that Tina, individually and on behalf of her daughter and the Trust, be named as defendants so as to assert their respective claims. Mr. Johnson further alleges via the petition that he had reduced his legal fee to an hourly rate upon Tina's representation that she would place proceeds she received from the litigation into the Trust. Therefore, he requests an award of attorney fees in accordance with his usual contingency fee arrangement upon any finding that Tina had not, in fact, assigned her funds to the Trust.[2] This latter claim was separated from the insurance proceeds claim and is not now at issue.

On the insurance proceeds claim, Tina answered the petition for concursus, both individually and as natural tutrix of her minor daughter. Therein, she disputed, among other things, the petition's representation that she gave Mr. Johnson a written letter instructing him "to transfer or assign her claim or any

---

[1]*See* La.Code Civ.P. art. 4651 providing that: "A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding."

[2]Tina countered the alternative claim for a contingency fee by asserting that there was no written contract for such a fee.

4

money to any Trustee on behalf of any Trust." She further denied that she and the minor child had competing positions with each other in light of the beneficiary designation in the insurance policy or that "she ever had knowledge that she had assigned any proceeds to which she was entitled to the Trust and that she asked Johnson to handle the matter for a minimal fee." She stated that "she understood that Johnson's opinion was that a transfer of her money [to the] trust would give her and the minor an advantage in any litigation or dispute with Theriot and Banner Life Insurance Company, but she did not understand that she was actually giving the money to the [T]rust and that it would no longer be hers." Finally, and while she admitted that she agreed to pay Mr. Johnson a $100 hourly rate, she "denied that the discussion was based on representations made by Tina."

Following Tina's filing of her answer, the minor child's grandmother filed an "amended answer" on behalf of the minor child wherein she stated Tina had been removed as natural tutrix over the minor child's property and that she was the appropriate party to answer the petition as the newly appointed legal tutrix over the minor child's property. She further advanced her position that Tina and the minor child had competing interests to the insurance proceeds. The Trust also answered the petition, lodging its claim that Tina had assigned the insurance proceeds in favor of the Trust per La.Civ.Code art. 2642.

Thereafter, both Tina and the Trust filed motions for summary judgment. Tina noted that the Trust alleged that she "assigned her right as beneficiary to life insurance proceeds . . . in writing, orally in testimony in a federal court trial and in conversations with members of the Knoll family." Tina contended, however, that "the alleged assignment is null for lack of consideration no matter what words were used in the writing, the testimony or the conversations[.]" She further denied

5

that the alleged assignment met the formal and substantive requirements of a donation. She therefore sought the dismissal of the Trust's claim to the concursus.

In opposition to Tina's motion and in its own counter motion for summary judgment, the Trust disputed Tina's claim that there was no "consideration" for the assignment. In particular, it asserted that Tina obtained a reduced legal rate due to her representation and that Mr. Johnson's representation eliminated "the need to hire another lawyer and maintain a legal position adverse to her daughter." The Trust again positively maintained its position that a valid assignment had been confected. It, in turn, sought judgment in favor of the Trust and against Tina, "awarding the remaining balance of the insurance proceeds in the Registry of the Court" to the Trust.

Before the motions for summary judgment were heard, Tina filed motions to strike the affidavits of Mr. Knoll and Mr. Johnson, alleging that both addressed "immaterial and impertinent matters," were not based on personal knowledge, and contained hearsay. At the hearing on the motions, the trial court first granted the motions to strike in part, excluding various "numbered items" from the affidavits. However, it found other aspects of the affidavits relevant to the concursus proceedings and allowed their retention. The trial court thereafter denied the summary judgment filed by Tina and granted the counter motion for summary judgment, finding the perfection of an assignment in oral reasons for ruling. The trial court subsequently certified the resulting judgment as final.

Tina appeals, asserting that "[t]he trial court erred by denying [her] motion to strike[3] and her motion for summary judgment and granting the trustee's counter motion for summary judgment." Specifically, Tina questions whether the elements for an assignment, as a type of sale, are present so as to support the trial court's ruling. She therefore seeks reversal of the summary judgment granted and entry of summary judgment in her favor, dismissing the Trust from the concursus proceedings.

## Discussion

*Motion for Summary Judgment*

As provided in La.Code Civ.P. art. 966(B)(2), summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Article 966(A)(2) instructs that the summary judgment procedure is favored and shall be construed in order to secure the just, speedy, and inexpensive determination of actions. Although the moving party bears the burden of proof, if that party will not bear the burden of proof at trial, he or she is not required to negate all essential elements of the adverse party's claim, action, or defense. *See* La.Code Civ.P. art. 966(C)(2). Rather, the moving party is required to point out that there is an absence of actual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* If, in turn, "the adverse party fails to produce factual support

_____

[3]Although Tina questions the ruling on the motion to strike in her formal assignment of error, she does not otherwise brief that issue. Therefore, we do not address that ruling pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(4).

sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id*.

On review, an appellate court considers a ruling on a motion for summary judgment de novo, using the same criteria that governed the trial court's consideration thereof. *Greemon v. City of Bossier City*, 10-2828 (La. 7/1/11), 65 So.3d 1263.

*Assignment*

The Trust and Tina filed cross motions for summary judgment, each claiming their respective entitlement to insurance proceeds placed in the registry of the court. As stated above, the Trust claimed that Tina assigned her rights as a beneficiary to life insurance proceeds to the Trust. It does so by referencing the "Contract to Hire Attorney," statements made by Tina in the federal court proceedings, and representations made by Mr. Knoll and Mr. Johnson in their affidavits regarding the expression of her intent to deposit those funds.

Countering the claim in her own motion seeking dismissal of the Trust from the concursus proceedings, Tina asserts that any assignment was invalid or null, for lack of "consideration."[4] She references federal testimony from Mr. Knoll, in which he denied that the Knoll family had paid "consideration" in exchange for her placing the entirety of the insurance proceeds in the Trust. She also points to her

---

[4]We note that Tina references the concept of "consideration," a common law concept not adopted in Louisiana as a requirement for a valid contract. *Granger v. Christus Health Central Louisiana*, 12-1892 (La. 6/28/13), 144 So.3d 736. The Civil Code instead recognizes "cause," i.e., the reason why a party obligates himself or herself, as a sufficient basis for participation in a contract. La.Civ.Code arts. 1966 and 1967. Specific to this case in which an assignment of right, a variety of Sale provided in Book III (Modes of Acquiring Ownership of Things), Title VII (Sales), is La.Civ.Code art. 2439's inclusion of "price in money" as a requirement for the perfection of a sale. *But see* generally La.Civ.Code art. 2438 providing that: "In all matters for which no special provision is made in this title, the contract of sale is governed by the rules of the titles on Obligations in General and Conventional Obligations or Contracts."

8

own affidavit in which she stated, in part, that she "never received anything of value" from the trustee or anyone acting on his behalf, as well as an excerpt from her federal court testimony in which she denied that any promises had been made to her in the event she placed the money into the Trust. Finally, Tina suggests in her counter motion that the alleged assignment could not be alternatively considered a donation inter vivos or transfer. On appeal, we are asked to again review those cross arguments.[5]

Louisiana Civil Code Article 2642 provides that: "All rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor."[6] *See also Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.*, 13-0749 (La. 10/15/13), 144 So.3d 825. Such an assignment becomes "effective against the debtor and third persons only from the time the debtor has actual knowledge, or has been given notice of the assignment." La.Civ.Code art. 2643. Furthermore, the Civil Code contains no requirement that an assignment be created by authentic form. *Louisiana Mobile Imaging, Inc. v. Ralph L. Abraham, Jr., Inc.*, 44,600 (La.App. 2 Cir. 10/14/09), 21 So.3d 1079. As such, an assignment may be created orally and proven as any other fact. *Id.*

---

[5]Tina represents in her brief that the Trust is assuming that she is the party who must bear the burden of proving her entitlement to the insurance proceeds held in the registry of the court. She suggests, instead, that it is the Trust who must prove the existence of a valid assignment. This distinction is of no moment as the matter arrives at the court as a concursus proceeding, with both parties making claim to the funds by cross motions for summary judgment. Both parties bear the burden of proving their entitlement to summary judgment via their respective claims.

[6]*See also* La.Civ.Code art. 2653, which provides that: "A right cannot be assigned when the contract from which it arises prohibits the assignment of that right. Such a prohibition has no effect against an assignee who has no knowledge of its existence." There is no suggestion in this case that the purported contract is prohibited by contract.

9

Of course, the Civil Code's provisions surrounding the assignability of rights occurs within the context of Book III (Of the Different Modes of Acquiring the Ownership of Things), and specifically, Title VII (Sale). The mode of "sale" is defined as "a contract whereby a person transfers ownership of a thing to another for a price in money." La.Civ.Code art. 2439. Further, "[t]he thing, the price, and the consent of the parties are requirements for the perfection of a sale." *Id.* Notably, "[a]ll things corporeal or incorporeal, susceptible of ownership, may be the object of a contract of sale, unless the sale of a particular thing is prohibited by law." La.Civ.Code art. 2448.[7] Importantly in this case, "[o]wnership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid." La.Civ.Code art. 2456.

It is "the price" element, necessitated by La.Civ.Code art. 2439, that is the crux of the dispute between the parties. In particular, the Trust maintains that Tina can be viewed as having multiple benefits from an assignment of any insurance proceeds that she may have recovered after engaging the Johnson Law Firm. Tina, in turn, contends that there was no "price in money" established by the Trust's document or paid to her by the Trust or the Knoll family.

On de novo review, we find that genuine issues of material fact remain, necessitating a reversal of the summary judgment granted in favor of the Trust. However, the first element required for an assignment, the "thing," is established by the evidence. In fact, Tina concedes in brief that "there is a thing, the first essential element of an assignment: the right to the proceeds." In support of its

---

[7]There is no suggestion in this case that the object of the purported sale/assignment, i.e., proceeds to the insurance policy, could not be the lawful subject of a sale.

motion for summary judgment, the Trust submitted the "Contract to Hire Attorney," confected between Tina and the Johnson Law Firm. As referenced above, the contract specified that she hired the law firm to obtain life insurance proceeds:

> in connection with obtaining life insurance proceeds *for my minor daughter . . .* from her deceased father['s] life insurance policy with Banner Insurance. It is my understanding that I may be a compet[ing] beneficiary on said policy, and should that be the case, once this matter is concluded or settled I am directing you to have any portion of said proceeds that I may be entitled to, be transferred directly to my minor daughter's trust.

(Emphasis added.) Pointedly, the contract specified that she hired the law firm to obtain life insurance proceeds "for [her] minor daughter[.]" We point out, however, that the contract is clear that there is no indication that the scope of the representation was to obtain benefits for anyone other than the minor child.

As for the central point of contention in this case, the Trust suggests that the "price," or consideration as the parties alternatively reference it, is reflected in the legal representation procured by Tina. Simply, Tina obtained legal representation simultaneously with that of the minor (although the scope of the contract was described as representation to procure the child's benefits under the policy) and did so at an hourly rate rather than pursuant to the typical contingency rate. In other words, the Johnson Law Firm agreed to provide the scope of representation for "$100.00 per hour."

However, it is on this point that we find that genuine issues of material fact remain. The contract to hire contains the hourly rate provision as cited above. However, the contract itself contains no indication that the hourly rate, rather than a contingency rate, was offered in reference to Tina's direction to "[the Johnson Law Firm] to have any portion of said proceeds that I may be entitled to, be

11

transferred directly to my daughter's trust." While Mr. Johnson states in the petition and in his affidavit that Tina asked him to lower his fee in this regard, Tina specifically denies that contention in her answer, stating that: "Tina denies that she told Johnson and Knoll that she 'really wanted' to place all proceeds, including hers, into the Andree Knoll Trust. She also denies that she ever had knowledge that she had assigned any proceeds to which she was entitled to the Trust and that she asked Johnson to handle the matter for a minimal fee." Thus, issues of fact, as well as related credibility determinations, remain as to the circumstances surrounding any monetary gain received by Tina.

As an ascertainable and determinable "price" is an essential element of an assignment, we find error in entry of summary judgment in favor of the Trust. *See* La.Civ.Code art. 2464: "The price must be fixed by the parties in a sum either certain or determinable through a method agreed by them. There is no sale unless the parties intended that a price be paid." For this same reason, and given the conflicting evidence offered by the parties, however, we find that the trial court appropriately denied Tina's motion for summary judgment. Simply, the submissions reveal factual issues that render summary judgment inappropriate for either party, at least as to the element of the "price." In light of this deficiency, we do not address the third element of consent.

Finally, we note that the Trust additionally argues in its brief that the contract to hire evidences a stipulation pour autrui pursuant to La.Civ.Code art. 1978.[8] However, we do not address this contention as the Trust's motion for

---

[8]Louisiana Civil Code Article 1978 provides:

A contracting party may stipulate a benefit for a third person called a third party beneficiary.

12

summary judgment did not seek a judgment on this basis.  It instead asserted that "there is no genuine issue of material fact as to the validity of the assignment[.]"  It further prayed only for a summary judgment "maintaining the assignment[.]"  Accordingly, we do not further consider that alternative argument on appeal.

## DECREE

For the foregoing reasons, the summary judgment entered in favor of the Andree Noelle Knoll Trust is reversed.  The judgment is otherwise affirmed.  This matter is remanded for further proceedings.  Costs of this proceeding are assessed to the appellee, Jerold Edward Knoll, Jr., Trustee of the Andree Noelle Knoll Trust.

**REVERSED IN PART; AFFIRMED IN PART; REMANDED.**

---

Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.